## THOMAS M'CARTHY vs. JAMES GUILD.

The owner of a dog that injures a minor child, so that the parent, by reason of such injury, loses the child's services, and is put to expense for his cure, is liable to the parent, under Rev. Sts. c. 58, § 13, for double the damages by him thus sustained.

THIS was an action of trespass, to recover double damages for the loss of the service of the plaintiff's minor son, and for expenses of medical attendance, nursing, and taking care of said minor, during his sickness, which was alleged to have been occasioned by the bite of a dog belonging to the defendant. The plaintiff counted on § 13 of c. 58 of the revised statutes, which is as follows: "Every owner or keeper of any dog shall forfeit, to any person injured by such dog, double the amount of the damage sustained by him, to be recovered in an action of trespass."

At the trial in the court of common pleas, before *Merrick*, J. the defendant denied the plaintiff's right to maintain this action for the injury to his son, and insisted that the action should have been brought in the name of the son, for the recovery of all damages caused by the injury complained of. But the judge ruled that the action might be maintained by the father, to recover damages for the injury to him occasioned by the biting of his minor son by the defendant's dog, whereby the father was subjected to expense, care and trouble in the necessary support of such son during his sickness.

The jury found a verdict for the plaintiff, and the defendant filed exceptions to the ruling of the judge.

*Brigham*, for the defendant.

*Dimon*, for the plaintiff.

DEWEY, J.   It is contended by the defendant, that the remedy given by the Rev. Sts. *c.* 58, § 13, is limited to the individual who has received, upon his own person, a wound or other damage from a dog; and that it is such direct personal injury alone which will authorize an action upon this statute.   On the other hand, the plaintiff insists that the remedy is much more extended, embracing the case of all persons who are injured by such dog, either in their persons or property; using the latter term in a broad sense.   The words of the statute are extensive enough to authorize the construction contended for by the plaintiff.   The earlier *St.* of 1798, *c.* 54, § 3, provided, in direct terms, for the case of any person injured in his " person or property."   The present statute, we think, should have a similar construction, although it is less explicit in terms.   The object of the statute is, to protect from injury by dogs.   " Any person injured " by a dog may recover double the amount of the damage sustained by him.   But it is quite apparent that a remedy, confined to the case of an injury to the person, and to be enforced only by an action in the name of such person, would fall short of giving complete redress for injuries by dogs.   Take the case of a married woman.   Her right to recover would, in such case, be restricted to damages for her personal suffering, and this would be the whole extent of the recovery, if the statute has the limited application contended for by the defendant. Yet here would be unremunerated the claim of the husband for the loss of the service and the loss of the society of his wife, and all expenses incurred by him in physicians' bills, nurses' bills, &c.   So too, in case of a minor child, or a servant, or indented apprentice, who might be injured by a dog, there would be the same inadequate remedy.   The party whose person was injured would be restricted to damages for the personal injury.   But the expenses and loss of service,

occasioned by the injury, might attach solely to the parent or master, and could not be recovered by the infant or apprentice.

We think the statute has only declared the general principle, giving double damages to any person injured by a dog, leaving us to recur to the principles of the common law, to ascertain the party legally entitled to recover for any particular injury, that may be the subject of an action.   Giving the statute this construction, it provides an adequate remedy for the entire damages that may result from any such injury. The parent or master will recover his appropriate damages, and the minor or servant will, in his own name, recover for the personal suffering.   This action may therefore be well sustained by the father for his damage for loss of service, or expenses incurred, by reason of the injury to his minor son.

*Exceptions overruled.*