### JOHN HARWOOD *vs.* THE CITY OF LOWELL.

A husband, whose wife has been injured by reason of a defect in a highway, cannot maintain an action against the town, obliged by law to repair the same, to recover for medical and other expenses incurred, or for loss of his wife's services, in consequence of such injury.

THIS was an action on the case to recover the damages sustained by the plaintiff, in consequence of an injury received by his wife, through and by means of a defect in a highway, which the defendants were bound to keep in repair

The case was submitted to the court upon the following statement of facts: —

The defendants were bound by law to keep in repair the highway where the accident occurred; the defect which occasioned it had existed for more than twenty-four hours prior to the accident; and the wife was injured in the manner alleged, without any want of ordinary care on her part, or of others on her behalf.

Before the commencement of this action, the plaintiff and his wife brought an action against the defendants, for the injury sustained by her in consequence of the defect in the highway complained of; in which action, they obtained a verdict and judgment, which the defendants have satisfied.

The present action was brought by the husband alone for the recovery of the expenses for medical and other attendance, which he was obliged to incur on his wife's account, while she was suffering under the effects of such injury, and also for the loss of her services, of which he was deprived, while she was thereby rendered unable to attend to her household duties.

*J. G. Abbott*, for the plaintiff.

*I. S. Morse*, for the defendants.

SHAW, C. J.   This case presents a question which has been often alluded to, but which we believe has not hitherto come directly before the court for adjudication, and which is one of great importance.

The present plaintiff has heretofore brought an action against the city of Lowell, jointly with his wife, and recovered for the injury to the wife occasioned by the defect of a highway in that city.

This is a several action brought by the husband, to recover consequential damage sustained by him, in the loss of the services of his wife, to which he claims by law to be entitled, during the period of her illness, caused by the accident, and also for the recovery of expenses for medical attendance, and other expense necessarily incurred thereby.   The question is, can he recover?

It has been too long and too often held, now to be called

in question, that the entire remedy for individuals, sustaining loss by defective highways in this commonwealth, depends on statute, and is not given by common law. The same statute law therefore which declares the right, and points out the remedy, must qualify it, and limit and control the extent of it. The question then depends on the construction of the statutes.

The provision of the revised statutes, which was in operation, when the accident in this case occurred, is as follows: " If any person shall receive any injury in his person or property by reason of any defect or want of repair," &c., the person so injured may recover, &c.

The argument is, that the statute does not intend to afford a remedy for all damages, caused by the defect, but only for those done to the person, or to the horses, teams, carriages, or other goods or chattels, of the party injured, and we are inclined to this opinion.

Were this a new act of legislation, expressed in the same terms, we should regard it as more equivocal; but it is not a new provision; it is the revision of preceding enactments; and some light may be thrown on the subject by considering the course of legislation. And we should be in danger of doing injustice to the revised statutes, if we did not bear in mind, in construing them, that where a new provision is sub·stituted for an old one in somewhat different terms, a change of language does not always indicate an intent to change the rule, but to express the same rule in shorter and more comprehensive words. In this way brevity is sometimes gained, but at some expense of perspicuity.

The first act upon this subject was the provincial statute of 5 W. & M., *c.* 10, § 4, passed in 1693, (Ancient Charters, 269,) which, after providing that if any person happen to lose his life, in passing any highway, &c., or lose a limb, break a bone, or receive any bruise or breach in any part of his body, through any defect, &c., gave, for any other harm than loss of life, double the damages sustained thereby, and like recompense for any carriage, cart, horse or other beast harmed, or lost.

The next was the act under the constitution, that of 1786,

c. 81, § 7, which provides a remedy for any person who shall lose a limb, break a bone, or receive any other injury in his person, or in his horse, team or other property through any defect, &c.

Under these statutes, we think it is very clear, that the remedy was confined to loss or damage done to visible and tangible property, such as animals, goods or chattels. Of the provincial act there could be no doubt. The statute of 1786 uses the term property; but there is a good rule of construction, *noscitur a sociis*, where several particulars are enumerated, followed by a word more general, the provision is thus limited to things of like kind. Therefore, though the word "property" is used, it follows words designating goods and chattels, and could not extend to mere rights.

There is something peculiar in the provision on this subject in the revised statutes. The section does not stand as it was reported by the commissioners. Their report followed more nearly the phraseology of the act of 1786; "if any person shall lose a limb, break a bone, or sustain any other injury in his person, or in his horse, team, or other property." This was a long section embracing two subjects, and an amendment was offered by the legislative committee and adopted by the legislature, throwing the same matter into two or three sections, and altering the phraseology, so as to read, "if any person shall receive any injury in his person or property."

Taking this view of the progress of legislation, the court are of opinion that there was no intention to change the rule of law, so as to include consequential damages; that the legislature well understood, that the prior law gave damages only for direct injury to the person, and direct injury to personal property, and intended to reënact the same rule in the present terms. If it had been their purpose to alter the rule in the mode proposed, we think it would have been done in more express terms, by giving a remedy for all damages, occasioned or caused by such defect, as in ordinary cases at common law, where one sustains damage by the negligence of another, as for instance, in a suit by a passenger against passenger carriers.

Similar decisions have been made upon statutes quite similar in phraseology, if not identical, in the states of Maine and Connecticut. In an action on the case against a town for loss of services of a minor son, and also for expenses of his illness, on a statute similar to our statute of 1786, it was held, in Maine, that the action would not lie. *Reed* v. *Belfast*, 2 Appl. 246. In a similar action in Connecticut, brought by a husband and father, after a recovery by the parties directly injured, for loss of services of a wife and minor daughter, and expenses, necessarily incurred, it was held, that the action could not be maintained. The statute, as a whole, was somewhat more limited than ours. One clause, however, commented upon, and on which the same construction was put, was similar to ours, " damage in his person or property;" but this construction may have been influenced, by taking this clause in connection with others, in which the term " property" was more obviously limited to goods and chattels. *Chidsey* v. *Canton*, 17 Conn. 475.

Upon the facts agreed, the court are of opinion that the action cannot be maintained.