SANFORD & *ux. versus* INHABITANTS OF AUGUSTA.

In an action, under the statute, to recover for " *bodily injury*," suffered through a defect in the highway, the jury, in order to give to the statute the beneficial effect for which it was designed, may also allow compensation for loss of time resulting from the injury, and for expenses suitably incurred to obtain a cure.

In such an action by husband and wife, to recover for " *bodily injury*" suffered by the wife, the damage recovered may include the loss of her labor resulting from the injury, and also the expenses of a cure.

In relation to *such an action*, that common law rule is not in force, which required that compensation for *such* loss of service and for *such* expenses, could be recovered *only* in a suit brought by the husband alone.

ON exceptions from *Nisi Prius*, HOWARD, J.

*Case*, under the statute, for damage through a defect in the highway.

The testimony tended to show, that the female plaintiff was injured by such a defect, and that she endured pain and was unable to labor for a season, and that physicians had been called to prescribe for her.

The defendants requested the Judge to instruct the jury that, in this action, the recovery of damage must be limited to the pain and to the personal injury to the *wife*; but the jury

Sanford *v.* Augusta.

were instructed, that they might assess damage to compensate "for the pain and suffering of the wife, and for the time she had lost, and for expenses of nursing and doctoring and other suitable expenses, incurred on account of the injury."

*North,* for the defendants.

1. The plaintiffs seek a statute remedy. The statute gives remedy only for a person receiving bodily injury or suffering damage in his property. R. S. c. 25, § 89; *Belfast* v. *Reed,* 20 Maine, 246. The remedy thus limited does not extend to loss of time, or to the charges for nursing or doctoring, or to what the Judge called "other suitable expenses," nor to any consequential damages.

2. An action by husband and wife *jointly,* cannot be maintained for the loss of her time, or society. For the loss of her services and society, and for the expenses, no recovery can be had except in a suit by the husband alone. This well known common law principle has not been varied by the statute.

*Vose,* for the plaintiffs.

Where husband and wife join for a tort committed upon her, the husband may demand damages also for an injury arising exclusively to himself by way of aggravation of damages. 1 Selw. 243; 2d Ld. Ray. 1031; 6 Mod. 127; *Russell & ux.* v. *Corne,* 1 Salk. 119, a leading case; Bacon's Abr. Baron and Feme, 502, letter K; 11 Mod. 264, case where it was alleged that money was expended in wife's cure; Comyn's Dig. vol. 2, p. 232, title Baron and Feme, letter V; *Lewis* v. *Babcock,* 18 Johns. 443; *Newman* v. *Smith & al.* 2 Salk. 642.

2. If a husband may demand damages in such case, by way of aggravation which belong exclusively to himself, the court may properly instruct the jury that they are to be taken into the account in making up their verdict. In this way circuity of action is avoided.

HOWARD, J. — The wife received personal injury through an alleged defect in a highway, which the defendants are by law obliged to repair, and the husband and wife claim

damages under the provisions of the R. S. c. 25, § 89. Can they, in this action, recover the entire damages " sustained thereby," by the wife and the husband.

In a suit for a personal injury to the wife during coverture, the husband and wife must join. But by the common law the wife could not join with the husband, in a suit for damages to him for the loss of her services or society, or for expenses incurred, occasioned by such injury. For these the husband could maintain a separate action in his own name.

The provision of the statute on which this action is founded, is, " If any person shall receive any bodily injury, or shall suffer any damage in his property, through any defect or want of repair, or sufficient railing, in any highway, town-way, causeway or bridge, he may recover in a special action of the case, of the county, town or persons, who are by law obliged to repair the same, the amount of damage sustained thereby, if such county, town or persons had reasonable notice of the defect, or want of repair."

Under the provisions of this statute, no one but the person injured can recover damages for the personal injury. And to authorize the maintenance of a suit for an injury to property, such injury must be occasioned to present property *in specie*. Damages resulting to property by causing a general diminution of the amount, by increasing expenditures, or causing delays and inconvenience, are not recoverable under this statute.

A father cannot recover upon the statute, for the loss of the services of his minor son in his employ, or for expenses incurred for medical aid, occasioned by an injury received in consequence of a defect in a highway. *Reed* v. *Belfast*, 20 Maine, 246. Nor can a husband maintain an action by virtue of the statute, for the loss of the services or society of his wife, or for expenses incurred on account of such an injury to her ; for it would not be an injury to his person, nor a damage to his property, within the meaning of the statute.

Unless the person injured through a defective highway can recover in every instance where an action is maintainable, the

whole damages sustained, in many cases an important part of the damages, could never be recovered, and the provisions of the statute would be unavailing. The more reasonable construction of the statute, however, and that which will best comport with its spirit and design, and give to it full force and effect, is, that it was intended to relieve those suffering, from the common law disabilities in this respect, and in all cases where an action can be maintained, to allow the person injured to recover the entire damages sustained by the injury, by a suit in proper form. The wife, when injured, to sue with her husband, and the minor by guardian, or next friend.

In this case, the plaintiffs, upon proof of a right to recover, could legally claim, in the nature of damages, compensation for the personal injury and suffering, loss of time, and for necessary and suitable expenses incurred, and occasioned by the injury.

Such, it is believed, has been the practical construction of the statute. In *Verrill & ux.* v. *Minot*, 31 Maine, 299, the plaintiffs recovered for the whole damages sustained.

There was conflicting testimony at the trial, but there was evidence on which the jury might return a verdict for the plaintiffs. We cannot say that the verdict was against evidence, or the weight of evidence.

*Exceptions and motion overruled.*