EVELYN L. HUSSEY *pro ami*, *vs.* CARL C. KING.

Aroostook.     Opinion June 2, 1891.

*Dogs. Pleading. Due Care. Superior Court. R. S., c. 30, § 1.*

In an action under R. S., ch. 30, § 1, to recover for an injury done by a dog kept by the defendant, the plaintiff need not allege and prove in the first instance, his own due care in the matter. The plaintiff makes out a *prima facie* case by proving that he was injured in person or property by a dog kept by the defendant.

The Superior Court for Aroostook County has jurisdiction of personal actions and may award judgment therein for the plaintiff to the amount of five hundred dollars; although the jury returned a verdict for single damages which upon being doubled, under the statute, exceeds that sum.

ON MOTION AND EXCEPTIONS.

This was an action of trespass tried in the Superior Court, for

Aroostook County, to recover damages sustained by a child of tender years, who had been attacked and bitten by the defendant's dog.

(Declaration.)   "In a plea of trespass; for that the said defendant, at said Caribou, on the 2d day of July, 1889, was the owner and keeper of a certain bull-dog, and while the said plaintiff was lawfully in the house of the said defendant, under the care of her mother and nurse, she was suddenly set upon, attacked and assaulted . by said bull-dog, and violently thrown about, and then and there bitten in the face, neck, and arms by said dog, and torn and lacerated, and then and there greatly frightened and excited by the sudden assault and violence of said dog, and greatly injured thereby, and by reason of said injuries caused by said bull-dog of said defendant, the plaintiff became sick and disordered, and suffered great pain in the parts injured and in other parts of her body, and has become greatly disabled from the time she was so injured by said bull-dog to the present time, and by reason of said injuries said plaintiff has been permanently injured and is disfigured for life; whereby, and by force of the statute in such cases made and provided, an action hath accrued to the plaintiff to have and recover of said defendant double the amount of damage done as aforesaid.

"Also for that the said defendant, at said Caribou, on the 2d day of July, A. D., 1889, was the keeper of a certain dog, and while the said plaintiff was lawfully in the house of the said defendant, under the care of her mother and nurse, she was suddenly set upon, attacked, and assaulted by said dog, and violently thrown about, and then and there bitten in the face, neck, and arms by said dog, and torn and lacerated, and then and there greatly frightened and excited by the sudden assault and violence of said dog, and greatly injured thereby, and by reason of said injuries caused by said dog of said defendant, the plaintiff became sick and disordered and suffered great pain in the parts injured and in other parts of her body, and has become greatly disabled from the time she was so injured by said dog to the present time, and by reason of said injuries said plaintiff

has been permanently injured and is disfigured for life; whereby," &c. *Ad damnum*, $500.

The jury returned a verdict of single damages under the direction of the court, for three hundred and seventy-nine dollars and sixteen cents. Thereupon the court ordered, under the statute, the damages to be doubled to the extent of five hundred dollars, being the limit of the jurisdiction of the court.

Upon the issue of due care, as claimed by the defendant, and after the court had given the jury instructions upon this part of the case, the defendant requested the presiding justice to give the following instructions, but which he declined to do.

"That the plaintiff is incapable of taking care of herself, was entitled to the care of the mother, and that if there was lack of due care upon the part of the mother, by which. the child was exposed to the risk of the injury sustained, then the plaintiff cannot recover.

"It is a question for the jury to determine whether the striking, kicking, or pulling the dog, or tempting him to play with paper or other object, by one of such tender age and helplessness, was or not in some degree negligence; and if so, the burden of proof is on the plaintiff to satisfy you that there was no such act or acts contributing.

"If the parent knew that the child was exposed to danger of being bitten or scratched by the dog to its injury, the child was chargeable with like knowledge, and if, without due care on the part of the mother to prevent such injury, the child was injured, she cannot recover.

"If the mother knew that the child was exposed to danger of being bitten or scratched to its injury by the dog and failed to remove it from the danger, the child cannot recover; and that it is a question for the jury to determine whether, if the mother had within a few minutes been frightened for the safety of the child, it was not her duty to have removed and kept the child from exposure to the danger; and that the burden of proof as to whether the mother performed her duty in this respect is on the plaintiff."

*L. R. King*, for defendant.

Motion to dismiss : If plaintiff recovers, she is entitled to

recover double the damages sustained. The *ad damnum* is laid at five hundred dollars, which if established would entitle her to a judgment of one thousand dollars. Jurisdiction determinable by amount of damages sustained or recoverable as distinguished from the damages demanded. Exceptions to evidence : Shear. & Red. Neg. pp. 56, 57 ; Abbott's Trial Ev. p. 597. Burden of proof: *Searles* v. *Ladd*, 123 Mass. 580 ; *Dickey* v. *Maine Tel. Co.* 43 Maine, 492 ; Shear. & Red. Neg. pp. 49, 50 ; *Plumley* v. *Birge*, 124 Mass. 58 ; *Quimby* v. *Woodbury*, 63 N. H. 370 ; *Holly* v. *Boston Gas Light Co.* 8 Gray, 132. Knowledge of the exposure : *Gibbons* v. *Williams*, 135 Mass. 333.

*L. C. Stearns, Powers and Powers*, with him, for plaintiff.

EMERY, J. This is an action of trespass, in the Superior Court for Aroostook County, and is under the statute R. S., ch. 30, § 1, which provides that when a dog does damage, his owner or keeper forfeits to the person injured double the amount of the damage done ; to be recovered by action of trespass. The verdict was for the plaintiff, and under instructions to assess single damages, the jury assessed them at three hundred seventy-nine dollars and sixteen cents. These damages were doubled by the court, up to five hundred dollars, the limit of its jurisdiction, and judgment was ordered for the plaintiff for that sum.

The presiding justice instructed the jury that it was not incumbent on the plaintiff in the first instance to prove her own due care, but that she made out a *prima facie* case by proving simply an injury to her person by a dog owned or kept by the defendant. To this instruction the defendant excepted.

In all actions based on negligence,— in which the defendant's negligence is the gist of the action,— the plaintiff to make out a *prima facie* case, must affirmatively prove his own due care, and the defendant's negligence in the premises. This is a reasonable rule, for when an injury occurs from somebody's negligence, there is no presumption that it was not from the negligence of the sufferer. Indeed, there is some presumption that the sufferer by the exercise of ordinary care might have

avoided the injury. Hence the rule that, where a plaintiff charges negligence as the basis of his action, he should show that he himself was free from the fault of which he complains.

This rule applies not only to actions given by the common law, but also to those given solely by statute, where the gist of the action is the default, omission, or carelessness of the defendant. Statute actions against towns for injuries caused by defects in ways are in this class. They are based on the omission, the fault of the town in not keeping its ways safe and convenient. The town's negligence is the gist of the action.

There is, however, another class of actions in tort not based on negligence, in which the defendant's care or want of care is not in issue ; in which some direct, positive act of the defendant makes the cause of action. In this class of actions, there is no reason nor place for such a rule. The plaintiff makes a *prima facie* case by proving the defendant's act, and the consequent injury. He has no occasion to prove the defendant's negligence, and hence has no occasion to prove his own due care in the first instance. In actions for assault upon the person, the plaintiff proves in the first instance only the defendant's blow. *Son assault demesne* must be shown by the defendant.

We think actions for injuries caused by dogs, or other dangerous animals, are of this latter class. By the common law, the keepers of wild animals were unqualifiedly liable for all injuries done by such animals. No matter how carefully the keeper restrained and guarded his animals, his care did not exempt him, if they did damage. The owners or custodians of animals not wild were liable for injuries done by them, if they knew of the injurious propensity of the animal. The most scrupulous care would not excuse them. One kept a wild animal at his peril, and also kept at his peril any animal, which he knew to have an injurious disposition. He was practically an insurer against injury by them. His care or negligence was immaterial.

In actions for injuries caused by such animals, the plaintiff had only to prove the keeping and the scienter. After much research we do not find it directly held in any English case,

ancient or modern, that, in such actions, the plaintiff must allege and prove the defendant's negligence, and his own due care. In *Blackman* v. *Simmons*, 3 Car. & Payne, 138, the plaintiff struck the bull over the head with a stick, whereupon the bull gored him. The plaintiff recovered, and there was no suggestion that he was to prove his own due care. In *Jones* v. *Perry*, Norris' Peake, 487, the plaintiff, a child, irritated the dog, which thereupon bit the child. It was held that the keeper was nevertheless liable, he having notice of the dog's vicious temper. *May* v. *Burdett*, 9 Ad. & El. 99, (58 Eng. C. L. 99) was an action for the bite of a monkey kept by the defendant. Objection was made to the declaration, on the ground that it did not allege any negligence or default of the defendant in the care of the animal. The question was exhaustively argued by eminent counsel, Cockburn being for defendant. It was urged by the defendant that, consistently with the declaration, the injury might have been entirely occasioned by the carelessness of the plaintiff. The court held that the declaration was sufficient,— that the gist of the action was the keeping the animal at all, after knowledge of its mischievous propensities. In the opinion, Lord Denman, C. J., said : "The precedents both ancient and modern with scarcely an exception, merely state the ferocity of the animal, and the knowledge of the defendant, without any allegation or want of care." He further said : "It may be that, if the injury were solely occasioned by the wilfulness of the plaintiff after warning, that may be a ground of defense by plea of confession and avoidance ; but it is unnecessary to give any opinion as to this, for we think the declaration is good upon its face, and shows a *prima facie* liability in the defendant." Lord Coleridge concurred in the opinion. This case of *May* v. *Burdett*, was affirmed in *Jackson* v. *Smithson*, 15 M. & W. 563, by all the Barons of the Exchequer, including Pollock and Maule ; and has never since been questioned in England, so far as we have searched.

The same distinction has been recognized in this country. *Woolf* v. *Chalker*, 31 Conn. 121, was an action for the bite of a dog. It was urged in defense that the plaintiff's own fault

brought about the biting. The court said that the rule of contributory negligence, applicable to actions founded upon the negligence of the defendant, was not applicable to that case, and that "the questions made in the court below in bar of the action, relative to the character of the dog, the supposed trespass of the plaintiff, and negligence of either party, were immaterial." This statement was supported in an elaborate opinion. *Muller* v. *McKesson,* 73 N. Y. 195, was an action for the bite of a dog, and was exhaustively argued and considered. The plaintiff was in the employ of the defendants when he was bitten by the dog they kept on the premises. The defendants urged in defense of the action : 1, that the plaintiff was guilty of contributory negligence ; 2, that the plaintiff knew the character of the dog, and by remaining in the defendants' employ he assumed the risk of such injury ; 3, that the injury was occasioned by the fault of the plaintiff's fellow-servant in neglecting to chain up the dog. The court overruled all these defenses, holding they were not applicable to an action of this kind. In the course of an elaborate opinion citing many English and American authorities, Church, C. J., gave the point as to contributory negligence special consideration and came to this conclusion : "As negligence in the ordinary sense is not the ground of the liability, so contributory negligence in its ordinary meaning is not a defense. These terms are not used in a strictly legal sense in this class of actions, but for convenience. . . . . The owner cannot be relieved from liability by any act of the person injured, unless it be one from which it can be affirmed that he caused the injury himself, *with a full knowledge of its probable consequences.*" The question again came before the same court in *Lynch* v. *McNally,* 73 N. Y. 347. The justice presiding at the trial charged the jury "that the rule as to contributory negligence does not apply to accidents of this description [the sudden bite of a dog] ." The Court of Appeals sustained the ruling, saying it was established that contributory negligence, as that term is understood in law, is not a defense to such actions.

In these two cases, Chief Justice Church emphasizes and makes clear the distinction suggested by Lord Chief Justice Denman,

in *May* v. *Burdett*, between the mere negligence of the plaintiff, and his wilful act, as a contributing cause. Mere negligence, like the careless, unintentional stepping on a dog's tail, would not bar a recovery; while a wilful meddling with a dog with a full knowledge of the probable consequences, might be a defense. Lord Denman, however, also said that even the wilful act was to be interposed by plea.

Pleadings in cases are often good evidence of the law at the time. If the omission of particular allegations from pleadings is not questioned by the adverse party or by the court, it is evidence that the allegations are immaterial. In *Decker* v. *Gammon*, 44 Maine, 322, which was an action on the case for an injury done by a vicious horse, there was in the declaration no allegation of the plaintiff's care or of the defendant's negligence. The defendant's vigilant counsel though strongly attacking the declaration, did not complain of such omission. In *Smith* v. *Montgomery*, 52 Maine, 178, which was an action for an injury by a dog, there was no allegation in the declaration, of the defendant's negligence. The distinguished counsel for the plaintiff did not base his action upon negligence. Though his declaration was assailed on other points, it was not on this, and was sustained.

Such being the common law, the statute now comes in and in the case of dogs, removes the need of alleging and proving even the scienter. It makes the owner or keeper of a dog *prima facie*, absolutely liable for an injury done by the animal. It leaves him where the common law left the keeper of a wild animal,— in the position of an insurer. It removes from the keeper of a dog, the protection of want of notice, which the common law allowed. He now keeps a dog at his peril. If the dog does an injury, the injured party has an action both at common law, and under the statute. At common law, as said by Lord Denman, in *May* v. *Burdett*, the gist of the action was the keeping the animal after notice of his injurious propensities. Under the statute, the gist of the action is simply the keeping of the dog. The statute has made all else immaterial. An attack upon person or property by a dog is a trespass, for

which the keeper of the dog must now answer as fully and unconditionally, as for his own trespass.

Our conclusion from reason and authority is, that in an action under R. S., ch. 30, sec. 1, for an injury done by a dog, the plaintiff need not allege and prove in the first instance either his own care, or the defendant's negligence. We are aware that the courts of some other states have held to the contrary (whence the length of this opinion), but we think ours is the more reasonable and correct conclusion.

It should be noticed, however, that we only decide that, in such actions, as this, the plaintiff need not allege and prove in the first instance his own care. Whether the plaintiff's want of care may be successfully shown in defense, or whether only the plaintiff's wilful provocation of the animal will bar his action, we do not decide, as that question is not presented by the exceptions.

We have carefully examined the other exceptions by the defendant, and do not find any of them tenable. The motion to set aside the verdict as against evidence must be overruled. The evidence supports the verdict. The objection to the jurisdiction of the Superior Court of Aroostook County cannot prevail, even if seasonably made. The action is personal. Only five hundred dollars were claimed, and no more than that sum was awarded. Whatever the jury did, the court kept within its jurisdiction.

*All motions and exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.