ESTELLA A. BEAN vs. CITY OF PORTLAND.

CHARLES A. BEAN vs. SAME.

Cumberland.  Opinion November 1, 1912.

*Acceptance. Accident. Building street. Damages. Due care. Laying out. Municipal Officers. Negligence. Notice. Liability. Travelers.*

In two actions brought by husband and wife for injuries sustained in an accident which occurred on the evening of April 22, 1909, on Dartmouth Street in the Deering District of the City of Portland.

1. That the place where the accident happened was a highway within the meaning of R. S., Chap. 23, sec. 76. The street had been laid out and accepted by the municipal officers several years before, and the portion on which the accident occurred had been built and maintained at least six years prior thereto.

2. That the wife was in the exercise of due care and was in no way responsible for the accident.

3. That whether or not the Boston and Maine Railroad is secondarily liable is not involved in this suit. The city is primarily liable.

4. That while it may be a matter of doubt whether the written notice given to the city within fourteen days after the accident, stating that the wife had received "various bodily injuries . . . namely various severe injuries to various portions of my body, including my spine," was sufficiently specific to include an injury to the ribs, yet as the evidence of injury to the ribs was admitted without objection the point is raised too late. The notice was sufficient to recover for the injuries therein alleged and if the defendant wished to defeat recovery for other and distinct injuries, not specified therein, but covered by the same accident, it should have objected to proof of them when offered.

5. That there is no legal foundation for the suit brought by the husband to recover for loss of his wife's services and the expenses connected with her recovery. He was not present at the time of the accident and his claim is not within the purview of the Statute.

On report. In the action brought by Estella A. Bean. Judgment for plaintiff for $1400. In action brought by Charles A. Bean. Judgment for defendant.

These two actions were brought by husband and wife to recover for injuries sustained in an accident which occurred on the evening of April 22, 1909, on Dartmouth Street in the Deering District of the City of Portland, and were tried together. Plea general issue. The case of Estella A. Bean against the City of Portland was submitted to jury on question of damages and a verdict returned in favor of plaintiff for $1400. The case was then reported to the Law Court upon the following stipulation; namely,

Upon so much of the foregoing evidence as is legally admissible the Law Court is to render such judgment as the legal rights of the parties may require. If the Law Court is of the opinion that the plaintiff, Estella A. Bean, is entitled to recover upon the foregoing evidence, then judgment is to be rendered in her behalf for the sum of Twelve Hundred and Fifty Dollars ($1250) as found by the jury; and if the Law Court is of the opinion that the fourteen days' notice given to the city is sufficient to embrace the injury to her ribs, then judgment is to be rendered in her favor against the city for the further sum of One Hundred and Fifty Dollars ($150), as found by the jury, making a total sum of Fourteen Hundred Dollars ($1400).

The evidence reported in the case of Estella A. Bean may be considered by the Law Court in determining the entire case of Charles A. Bean against the City of Portland.

The case is stated in the opinion.

*Foster & Foster, and Eben Winthrop Freeman,* for plaintiff.
*Richard E. Harvey, and Emery G. Wilson,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, HALEY, JJ.

CORNISH, J.   These two actions were brought by husband and wife to recover for injuries sustained in an accident which occurred on the evening of April 22, 1909, on Dartmouth Street in the Deering District of the City of Portland, and were tried together. By the terms of the stipulation under which they are reported to the Law Court, this court is to pass upon the question of liability in the first instance, and in the case of the wife the further question of recoverable damages, the amount of actual damages in both cases having been fixed by findings of the jury.

1.   We will consider first the action brought by the wife.

The evidence is voluminous, covering over three hundred printed pages, and yet the essential facts are not seriously in controversy. The city relies upon three points in defence; first, that the place where the accident happened was not a highway, as contemplated by R. S., Chap. 23, sec. 76; second, contributory negligence; third, that the liability, if any, rests upon the Boston and Maine Railroad and not upon the City of Portland. None of these has sufficient merit to defeat the action.

The evidence is overwhelming as to the liability of the city for the maintenance and protection of the street at the place where the accident happened.

As long ago as 1902 the joint standing committee on new streets laid out Dartmouth Street sixty feet wide and running in a general westerly direction from Forest Avenue on the East, 1278 ft. to Deering Avenue on the West. The location was duly filed in the office of the City Clerk, and was duly accepted, and the street "accepted, allowed and established as a street or public way for the use of the city of Portland" by the Mayor and Aldermen on November 3, 1902. The street itself was not built at that time and the same proceedings for laying out and acceptance were repeated in November, 1903. The proposed street crossed the tracks of the Worcester division of the Boston and Maine Railroad at a distance of about 270 ft. from Forest Avenue and in 1904 the municipal officers of Portland petitioned the Railroad Commissioners of the State for permission to cross these tracks at grade. After due notice and hearing this permission was granted, the street within the railroad location to be constructed at the expense of the city but to be maintained at the expense of the Railroad Company.

In June, 1905, the municipal officers ordered that the street be opened to public travel. A similar order was passed in February, 1907, and on March 18, 1907, the Commissioner of Public Works was authorized and directed to construct a crossing over the railroad tracks.

These orders were not complied with to their full extent but the city constructed that portion of the street between Forest Avenue and the East line of the railroad location at some time prior to 1903 and has since maintained and improved the same. A fine roadway

was constructed, a sidewalk built on the South side and private houses have been erected. But the city neglected to place any railing or barrier at the end of this constructed portion where it meets the railroad location. At that point the bank falls off rather abruptly, a distance of from two to four feet, toward the tracks and no barrier or guard was erected at the end of the traveled way. This lack of railing was the cause of the accident. The plaintiff drove into Dartmouth Street from Forest Avenue between nine and ten o'clock on a dark and misty evening and ignorant of the situation drove straight on over the embankment and sustained the injuries alleged.

We are unable to perceive on what ground it can be claimed that the city was not responsible for the place where the accident happened. It is true that the pitfall was on the location of the Railroad Company but it was the duty of the city to erect a railing or barrier to protect travelers from that pitfall. The liability of the city did not end with the constructed portion of the way. Its duty was to use due care in protecting the travelers on that way terminating as it did, from perils beyond. With equal force might it be claimed that if through want of railing on the side of a traveled road, a traveler is precipitated on to the adjoining land of a private individual no recovery can be had. It is not the title to the precise place where the party falls that fixes the liability, but the proximate cause of the fall. The first point in defence cannot be sustained.

Nor is there any force in the contention that the plaintiff was not in the exercise of due care. She was a comparative stranger in the city, her home being in Livermore Falls. She was visiting her daughter who was ill and who lived on Noyes Street, another street that leads from Forest Avenue toward the West. With the nurse she had gone to Portland for medicine for the daughter and this accident occurred on her return. Several streets lead toward the West from Forest Avenue and the plaintiff admits that she first intended to take William Street but having passed that she turned off as she supposed into Noyes Street. It proved to be Dartmouth Street. But that error can hardly be called a negligent act on her part and the proximate cause of the accident. She had a right to presume that all these streets were equally safe and convenient for travel. On the East side of Forest Avenue opposite the entrance

of Dartmouth Street was an incandescent light which revealed the entrance into this street and impliedly invited travel. The plaintiff accepted the invitation and was driving in a careful manner with a kind and well broken horse when suddenly she was precipitated over the unguarded embankment. All the duties that the law cast upon her were fully met, and the accident can in no way be attributed to any want of due care on her part.

The third point raised in defence, namely the liability of the Boston and Maine Railroad is not involved here. The city is primarily liable and whether the city has or has not a remedy over against the Railroad Company can in no way affect that liability.

It is, therefore, the opinion of the Court that the action of Mrs. Bean is clearly maintainable. The next question is that of recoverable damages.

The jury have assessed her total damages at fourteen hundred dollars, one hundred and fifty of which was for injury to her ribs, and the defendant contends that the statutory notice given to the city was not sufficiently broad in its scope to include this injury. This notice described the nature of her injuries in these words; "various bodily injuries . . . namely various severe injuries to various portions of my body, including my spine."

It is unnecessary to decide whether under this notice evidence of injury to the ribs was strictly admissible, had objection been made, because this evidence was introduced without any objection on the part of the defendant. The only objection made to the notice itself was on the ground that it was not served within the required fourteen days, and this was overruled. The notice, as a notice, was sufficient to recover for the injuries therein alleged, and if the defendant wished to defeat recovery for other and distinct injuries, not specified therein, but covered by the same accident, it was bound to object to proof of them when offered. *Beverage* v. *Rockport,* 106 Maine, 223. This was not done and therefore the damages assessed for injury to the ribs must be included and the verdict for the full amount of $1400 must be allowed to stand.

2. There is no legal foundation for the suit brought by the husband to recover for loss of his wife's services and the expenses connected with her injuries and recovery, and in fact this claim is not urged by counsel in argument. Charles A. Bean was not present at

the time of the accident, and he neither "received any bodily injury" nor "suffered damage in his property," which are the statutory prerequisites for the maintenance of this form of action, R. S., Chap. 23, sec. 76. *Frazer* v. *Lewiston,* 76 Maine, 531.

The entries must therefore be as follows: In the action brought by Estella A. Bean, judgment for plaintiff for $1400.

In the action brought by Charles A. Bean, judgment for defendant.

*So ordered.*