JOSEPH ANTHONY ZARBA & another *vs.* JOHN LANE.

Suffolk.    November 4, 1947. — December 4, 1947.

Present: QUA, C.J., DOLAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Employer's Liability*, Scope of employment, Fellow employee. *Proximate Cause. Agency*, Scope of authority or employment. *Parent and Child. Damages*, Consequential.

Evidence, that a boy during lunch hour on the premises of his employer, who was not a subscriber under the workmen's compensation act, had resumed eating after having obtained a missile to use against other boys engaged in rough play and was injured by flying glass when the missile was thrown out of a window by a fellow employee, warranted a finding that his injury arose out of and in the course of his employment within G. L. (Ter. Ed.) c. 152, § 66, as appearing in St. 1943, c. 529, § 9A, and entitled him to maintain an action of tort against his employer.

Section 66 of G. L. (Ter. Ed.) c. 152, as appearing in St. 1943, c. 529, § 9A, gives no right of action to a father against his minor son's employer for consequential damages resulting from personal injuries sustained by the son because of an act of a fellow employee.

TORT. Writ in the Superior Court dated August 28, 1945.

The action was tried before *Dillon*, J.

*T. F. Collins*, for the defendant.

*B. Ginsburg*, for the plaintiffs.

WILKINS, J. This action of tort for personal injuries sustained by a minor on June 10, 1945, is brought against his

employer, who was not a subscriber under the workmen's compensation act. G. L. (Ter. Ed.) c. 152, § 26, as appearing in St. 1943, c. 529, § 8; § 66, as appearing in St. 1943, c. 529, § 9A. There is a count by the minor's father for consequential damages. G. L. (Ter. Ed.) c. 231, § 6A, as inserted by St. 1939, c. 372, § 1. [1] The jury returned verdicts for the plaintiffs. The case is here on the exceptions of the defendant to the denial of his motion for a directed verdict on each of the two counts against him.

The jury could have found these facts: The defendant was a fruit and vegetable dealer in the market district of Boston, and employed about ten boys, including the minor plaintiff (hereinafter called the plaintiff). On the morning of Sunday, June 10, 1945, the plaintiff had been trimming cabbages and turnips. During the lunch hour he was eating sandwiches with four other boys in a room at the defendant's place of business. At the same time other boys across the street were throwing tomatoes and other missiles retrieved in the street at the boys who were eating. One of the latter boys went outside and returned with a banana stock, stating, "This is my weapon." The plaintiff then went out and returned with a seven pound turnip, which he put into a sack, saying, "This is my secret weapon." Thereupon a third boy, "so as not to cause any mischief," attempted to throw the sack containing the turnip out through a broken window pane, but the sack caught on a nail or piece of glass, swung back, and broke a window pane below. The plaintiff, who was still eating, turned to see where the bag had gone, and was struck in the eye by flying glass. The plaintiff had not been fighting with anybody or creating any commotion.

Under G. L. (Ter. Ed.) c. 152, § 66, as appearing in St. 1943, c. 529, § 9A, in "an action to recover damages for personal injury sustained by an employee in the course of his employment," it is no longer a defence that "the employee's injury did not result from negligence or other fault of the

---

[1] There were two analogous counts against one Charles W. Lane, alleging that he was the employer. G. L. (Ter. Ed.) c. 231, § 4A, as inserted by St. 1943, c. 350, § 1. These do not concern us, as the judge directed a verdict for Charles W. Lane on each of them, and the plaintiffs allege no exceptions.

employer, if such injury arose out of and in the course of employment." *Maciejewski* v. *Graton & Knight Co.* 321 Mass. 165, 167. *Godon* v. *McClure, ante,* 1, 4. The purpose of this amendment is to place the employee of an employer who is not a subscriber under the workmen's compensation act as nearly as possible in the same position as is the employee of an employer who is a subscriber.

"It is established by our decisions that an employee, in order to be entitled to compensation, need not necessarily be engaged in the actual performance of work at the time of injury; it is enough if he is upon his employer's premises occupying himself consistently with his contract of hire in some manner pertaining to or incidental to his employment." *Bradford's Case,* 319 Mass. 621, 622. *Souza's Case,* 316 Mass. 332, 335. Thus, an injury received during the noon hour may be found to have arisen out of and in the course of the employment. *Sundine's Case,* 218 Mass. 1, 4. *White* v. *E. T. Slattery Co.* 236 Mass. 28, 34. *Holmes's Case,* 267 Mass. 307, 309. *Nagle's Case,* 310 Mass. 193. See *Kubera's Case,* 320 Mass. 419, 420–421. And so may an injury received while at luncheon. *Cranney's Case,* 232 Mass. 149, 151. *DeStefano* v. *Alpha Lunch Co. of Boston,* 308 Mass. 38, 40. *Charon's Case,* 321 Mass. 694, 698. *Chapman's Case,* 321 Mass. 705, 710–711.

The defendant, however, contends that as matter of law the plaintiff was guilty of serious and wilful misconduct, and hence his injury did not arise out of and in the course of his employment. *Scaia's Case,* 320 Mass. 432. *Demetre's Case, ante,* 95, 100. See G. L. (Ter. Ed.) c. 152, § 27, as amended. He refers to G. L. (Ter. Ed.) c. 152, § 26, as appearing in St. 1943, c. 529, § 8.[1] We do not think

---

[1] "If an employee who has not given notice of his claim of common law rights of action under section twenty-four . . . receives a personal injury arising out of and in the course of his employment . . . he shall be paid compensation . . . . For the purposes of this section . . . if an employee while acting in the course of his employment . . . is injured by reason of the physical activities of fellow employees in which he does not participate, whether or not such activities are associated with the employment, such injury shall be conclusively presumed to have arisen out of the employment." This amendment makes a qualification in the law of this Commonwealth as stated in *Lee's Case,* 240 Mass. 473. Compare *Moore's Case,* 225 Mass. 258; *Gavros's Case,* 240 Mass. 399.

that as matter of law the plaintiff's injury did not arise out of and in the course of his employment. Without intimating that in other circumstances the participation of an employee in horseplay might be a bar to recovery, it is sufficient to say that in the present case it could have been found that any such conduct on the part of the plaintiff had ceased when he returned to the room and resumed eating, and had become no more than a condition at the time of an unforeseeable and unskilful attempt of another boy to throw the sack out the window. There was no error in not directing a verdict in the defendant's favor on the son's count.

We think, however, that there was error in not directing a verdict for the defendant on the count for consequential damages. An action for consequential damages stands no better than the principal case and falls when the latter case falls, but does not necessarily stand whenever the principal case stands. *Hinckley* v. *Capital Motor Transportation Co. Inc.* 321 Mass. 174, 178. The father's right of action, although springing from the same occurrence, is independent of the son's and is based on his personal loss, whereas the son's right of action is for the pain and suffering caused by the injury and for the loss of wages or diminution of earning capacity after he becomes of full age. *Wilton* v. *Middlesex Railroad*, 125 Mass. 130. *King* v. *Viscoloid Co.* 219 Mass. 420, 422. *McGreevey* v. *Boston Elevated Railway*, 232 Mass. 347, 349–350. In the case at bar the father's right of action does not come within G. L. (Ter. Ed.) c. 152, § 66, as appearing in St. 1943, c. 529, § 9A, which relates to "an action to recover damages for personal injury sustained by an employee." This "must be interpreted to mean damages which are the result of a direct injury to the person of the plaintiff and not to include those which, as here, were sustained by the plaintiff in consequence of direct injury to the person of another." *Wilson* v. *Grace*, 273 Mass. 146, 154, and cases cited. *Thibeault* v. *Poole*, 283 Mass. 480, 487. Compare G. L. (Ter. Ed.) c. 231, § 85C, as inserted by St. 1937, c. 439, § 1. The father's count, therefore, falls within *Slavinsky* v. *National Bottling Torah Co.*

267 Mass. 319, 322, where it was said, "But the mother in her action does not rely on the workmen's compensation act, or upon the remedy given to an employee whose employer does not insure him under the act. Her action is at common law; and as her son was an employee of the defendant and engaged in its service when injured, she cannot recover in this action for her loss resulting from the negligence of a fellow servant of her son."

It follows that the exceptions arising out of the son's count are overruled; and the exceptions arising out of the father's count are sustained, and judgment is to be entered for the defendant on the father's count.

*So ordered.*