## DALEY v. SEARS, ROEBUCK & CO.
### Civ. No. 26919.

United States District Court
N. D. Ohio, E. D.
March 23, 1950.

and was dismissed upon motion of defendant because the complaint failed to state a cause of action. The basis for dismissal was that Ohio law created no liability in the defendant upon the facts stated. Daley v. Sears, Roebuck & Co., D.C.N.D., 90 F. Supp. 561. Plaintiff made no further attempt to amend his petition but instead appealed from the order of dismissal. This appeal is still pending.

Plaintiff then filed this second action based on the same facts as the previous case, but with a few changes in the specifications of negligence. Defendant now moves for summary judgment because the former dismissal bars this action.

Res judicata can be raised by a motion for summary judgment supported by affidavits. 3 Moore's Federal Practice p. 3182. It is true that no affidavits were filed with this motion, but it is proper for this Court to take judicial notice of all prior proceedings and action in this Court.

Rule 41(b), Federal Rules of Civil Procedure, 28 U.S.C.A., provides that unless otherwise specified a dismissal under this subdivision, and any dismissal not provided for in this rule, operates as an adjudication upon the merits.

The order dismissing the previous action did not specify that the dismissal was without prejudice. By the terms of Section 41(b) the former action was dismissed with prejudice, and any subsequent action is barred.

Plaintiff contends that the ruling on this motion should await the decision of the Court of Appeals on the previous case. He alleges that this action was filed only to avoid the tolling of the statute of limitations, and if the appellate decision is favorable, this action will be dismissed. If, however, the appellate court sustains this court's ruling, then plaintiff will have a cause of action which will not be barred by the statute of limitations. Such reasoning is of no avail. Plaintiff elected to and now must stand on his former pleading. If plaintiff is successful on the appeal, there will be no need for this action. If plaintiff is unsuccessful, then, as indicated

———◆———

T. T. Sindell, Cleveland Ohio, Sindell & Sindell, Cleveland, Ohio, for plaintiff.

Thompson, Hine & Flory, Thos. E. Lipscomb, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for damages for personal injury allegedly caused by defendant's negligence.

Plaintiff commenced an earlier action involving the same parties and facts in the Common Pleas Court of Cuyahoga County. This action was removed to this Court,

above, any subsequent action whether or not it is filed within the time limit of the statute will be barred by the order of dismissal.

The motion for summary judgment will be granted.