JOHN BEGIN
*vs.*
ALBERT J. BERNARD

Kennebec.   Opinion, July 23, 1964.

*William H. Niehoff,* for Plaintiff.

*Frank E. Southard,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

WEBBER, J.   The plaintiff brought an action for medical expenses incurred by him and for loss of consortium result-

ing from an alleged injury to his wife said to have been caused by a dog owned and kept by the defendant. Defendant seasonably filed a motion to dismiss the complaint on the ground that it failed to state a claim upon which relief can be granted. This motion was granted below and the plaintiff appeals.

The complaint seeks to enforce the remedy provided by R. S., Chap. 100, Sec. 17 as amended by P. L., 1961, Chap. 317, Sec. 303 which provides

> "Sec. 17. Damage by dogs. When a dog does damage to a person or his property, his owner or keeper * * * forfeits to the person injured the amount of the damage done, provided the said damage was not occasioned through the fault of the person injured, to be recovered by a civil action."

The issue is whether or not the statute may be broadly construed to permit the recovery of consequential damages by one not directly injured as to his person or his property but who has nevertheless suffered an appreciable indirect loss. The point has not heretofore been decided by this court.

The defendant directs our attention to a long line of cases construing the so-called "highway defect" statute (R. S., Chap. 96, Sec. 89 as amended), which under certain conditions permits recovery if any person shall receive "any bodily injury or suffers damage in his property." There is no important or distinguishing difference between the quoted portion of the statute and the equivalent language in R. S., Chap. 100, Sec. 17 *(supra)*.

It was held in 1841 that a father could not recover for injury to his minor child under the "highway defect" statute since there had been no injury to the parent's person or property. *Reed* v. *Belfast,* 20 Me. 246. In *Sanford* v. *Augusta* (1851), 32 Me. 536, 538, the injury was to the wife

and the suit was hers although the husband was joined as plaintiff as was then required in a suit for a personal injury to the wife during coverture. Holding first that the husband could not recover for medical expenses or loss of consortium for the reasons stated in *Reed,* the court went on to permit medical expenses presumably incurred by and chargeable to the husband to be added to the damages recovered by the wife. The court said at page 538:

> "Unless the person injured through a defective highway can recover in every instance where an action is maintainable, the whole damages sustained, in many cases an important part of the damages, could never be recovered, and the provisions of the statute would be unavailing. The more reasonable construction of the statute, however, and that which will best comport with its spirit and design, and give to it full force and effect, is, that it was intended to relieve those suffering, from the common law disabilities in this respect, and in all cases where an action can be maintained, to allow *the person injured* to recover the entire damages sustained by the injury, by a suit in proper form. The wife, when injured, to sue with her husband, and the minor by guardian, or next friend." (Emphasis ours.)

It is evident that the reference to "common law disabilities" pertains to the absence of any remedy at common law against a municipal corporation for so-called highway defects. See *McCarthy* v. *Inhabs. of Leeds* (1917), 116 Me. 275, 277, 101 A. 448; *Dugan* v. *City of Portland* (1961), 157 Me. 521, 522, 174 A. (2nd) 660. The court adhered strictly to its view that a husband could not recover under the statute for injury to his wife in *Starbird* v. *Inhabs. of Frankfort* (1852), 35 Me. 89. In *Bean* v. *City of Portland* (1912), 109 Me. 467, 84 A. 981, the injured wife and her husband brought their separate suits, he claiming loss of the wife's services and her medical expenses. The court stated succinctly that there was no legal foundation for

the husband's suit since he neither "received any bodily injury" nor "suffered damage in his property." An examination of these cases discloses that our court has never deviated from its position that the husband cannot recover for loss of consortium or for his wife's medical expenses under the statute. The court has yielded only to the extent of permitting the injured wife to include as a part of her own damages medical expenses and the like even though incurred by or chargeable to the husband and this only because the husband has no remedy available under the statute or at common law.

In *Close* v. *Terminal Co.* (1929), 128 Me. 6, 145 A. 388, our court employed the device used in *Sanford* v. *Augusta (supra)* and cited that case with approval. A minor plaintiff brought suit by his parent as next friend under the Federal Employer's Liability Act. Damages claimed included medical expenses incurred by the parent for treatment of the plaintiff. Noting that the parent himself could not recover these expenses under the Act (*N. Y. Central & Hudson R. R. Co.* v. *Tonsellito,* 244 U. S. 360), our court applied the rule in *Sanford* and permitted the minor plaintiff to recover all the damages flowing from his injury including the medical expenses.

The Rhode Island court has permitted the husband to recover for the loss of the services of his injured wife and for her medical expenses under a "highway defect" statute not materially dissimilar to our own. The court justified the husband's claim as damage to his "property" within the meaning of the statute. *Larisa* v. *Tiffany* (1919), 105 A. (R. I.) 739. The court summarily dismissed the Maine cases of *Sanford* v. *Augusta (supra)* and *Reed* v. *Belfast (supra)* by stating that it did "not consider them valuable as authorities."

Massachusetts has reached the same result as Maine in the construction of its "highway defect" statute in which

the controlling words are "bodily injury or damage to his property." In *Whalen* v. *City of Boston* (1939), 23 N. E. (2nd) (Mass.) 93, 94, the court by dictum cited with approval its holding in *Harwood* v. *Lowell*, 4 Cush. 310, that the words above quoted from the Act do not permit the recovery of the expenses for care and cure of the injured wife by the husband. "The word 'property' is limited to tangible property injured in the accident."

In its treatment of the "dog bite" statute, which is not significantly different in wording from the Maine Act above quoted, the Massachusetts court has however taken a position which produces a different result from that reached by it with respect to the "highway defect" statute. In 1847 in *McCarthy* v. *Guild*, 12 Metc. 291, the plaintiff sought to recover for the loss of services and for expenses resulting from injuries to his minor son by a dog. Holding that the plaintiff might recover, the court gave a broad construction to the statute which would provide "an adequate remedy for the entire damages that may result from any such injury." The court said in part:

> "But it is quite apparent that a remedy, confined to the case of an injury to the person, and to be enforced only by an action in the name of such person, would fall short of giving complete redress for injuries by dogs. Take the case of a married woman. Her right to recover would, in such case, be restricted to damages for her personal suffering, and this would be the whole extent of the recovery, if the statute has the limited application contended for by the defendant. Yet here would be unremunerated the claim of the husband for the loss of the service and the loss of the society of his wife, and all expenses incurred by him in physicians' bills, nurses' bills, etc."

This dictum at least suggests the probable disposition which would be made of the issue now squarely presented to us in the instant case. *McCarthy* was followed and reaffirmed

in 1962 in the case of *Rossi* v. *Del Duca*, 181 N. E. (2nd) (Mass.) 591. In *Rossi* the court noted for comparison but did not discuss *Wilson* v. *Grace*, 273 Mass. 146, 173 N. E. 524 and *Zarba* v. *Lane*, 322 Mass. 132, 76 N. E. (2nd) 318. In *Wilson* the plaintiff husband seeking to recover medical expenses resulting from injury to his wife was denied the procedural advantage conferred by a motor vehicle statute relating to proof of agency. For our purposes the significant fact is that the court somewhat narrowly construed the statutory phrase "for injuries to the person or to property" holding that such injury to the person must be "direct injury" and the injury to property does not include mere impoverishment of one's estate by the necessity of spending money. In *Zarba* the statutory phrase is sufficiently unlike those above noted to make the case readily distinguishable.

We are unaware of any strong or compelling reason for giving a broader interpretation to the language employed in the "dog bite" statute than is given virtually identical phraseology employed in the "highway defect" statute or a motor vehicle statute — especially when it is considered that the claimant of consequential damages for "dog bite" has a common law remedy available, whereas the claimant of consequential damages from "highway defect" has none.

That the common law remedy for "dog bite" still exists cannot be doubted. *Hussey* v. *King* (1891), 83 Me. 568, 575, 22 A. 476. It is merely that the elements of proof required at common law are more exacting than are demanded by the statute. At common law the plaintiff must show that the defendant kept the animal after notice of its injurious propensities. *Hussey* v. *King (supra)*. The plaintiff in the instant case, if he can satisfy the requirements at common law, is not without a remedy even though he may not be entitled to recover under the statute.

We would be reluctant in the absence of the most compelling reasons to disregard the interpretation placed upon statutory phraseology in a number of cases spanning a period of many years. We note that the legislature has not seen fit to change the phrase "any bodily injury or suffers damage in his property" used in the "highway defect" statute even though the court has always narrowly and restrictively construed those words. We are unable to distinguish between that phrase and the very similar phrase "damage to a person or his property" found in the "dog bite" statute. We think it reasonable to suppose that the legislature, in providing a statutory remedy available against one who owns or keeps an animal which does injury to another, without regard to any fault on the part of the defendant, may well have intended that remedy to be available only to the person suffering the *direct* injury. We now hold that the person suffering only consequential damages is left to the remedy available at common law and must meet the additional requirements of proof thereby imposed. We can see no reason for giving a broader interpretation to a statutory phrase where the plaintiff still has an available remedy than has been given to what is in essence the same language in cases where the plaintiff was then left with no remedy whatever. If the statute is to be extended to afford relief for consequential damages, such an enlargement of the statute should come from the legislature and not from the court.

It follows that the action below in dismissing a complaint which sought only to invoke the statutory remedy was correct. It is apparent upon the record that the justice below had no occasion or opportunity to give consideration to the merits of plaintiff's claim. Under these circumstances dismissal of the complaint should be without prejudice. The plaintiff will not thereby be precluded from instituting a new complaint stating a claim as at common law. For discussion of the effect of dismissal of a complaint for failure to state a claim upon which relief can be granted, see

*Russo* v. *Sofia Bros.* (1941), 2 F. R. D. 80, 82; *Compania* v. *Stevenson* (1950), 11 F. R. D. 210, 211; *Daley* v. *Sears, Roebuck* (1950), 90 F. Supp. 562; *Crutcher* v. *Joyce* (1943), 10 Cir., 134 F. (2nd) 809; *Asher* v. *Ruppa* (1949), 7 Cir., 173 F (2nd) 10; *Riverside Oil* v. *Dudley* (1929), 8 Cir., 33 F. (2nd) 749, 750; and *Bartsch* v. *Chamberlin* (1959), 6 Cir., 266 F. (2nd) 357.

The entry will be

*Appeal denied.*

*Complaint dismissed without prejudice.*

### DISSENTING OPINION

WILLIAMSON, C. J. I would sustain the appeal. In my view the husband should be permitted to recover for consequential damage, i.e., for medical expenses and loss of consortium arising from the alleged injury to his wife by a dog owned and kept by the defendant under the "dog" statute. R. S., c. 100, § 17, as amended.

The differences between the common law and the "dog" statute on liability of owners or keepers come from the elimination of scienter and the addition of fault of the injured person. For application of the common law where defendant is neither owner nor keeper, see *Andrews* v. *Jordan Marsh Co.*, 283 Mass. 158, 186 N. E. 71. See also Massachusetts General Laws Anno., c. 140, § 155.

In *Carroll* v. *Marcoux*, 98 Me. 259, 56 A. 848, in an action under the "dog" statute before the addition of fault, the court said at p. 263:

> "At common law the owner or keeper of a dog or a domestic animal was liable for damages done by the animal only in case the animal had a vicious or mischievous disposition known to the owner or keeper. We have a statute, however, which makes the owner or keeper of a dog liable for damage done by it without regard to the disposition of the

dog, or the owner or keeper's knowledge, or his care or want of care."

The principle in the setting of a vicious horse case is found in *Sandy* v. *Bushey*, 124 Me. 320, 321, 128 A. 513.

> "In an action for an injury caused by such an animal, the plaintiff has only to allege and prove the keeping, the vicious propensities, and the scienter. Negligence is not the ground of liability, and need not be alleged or proved. This rule of liability of keepers of domestic animals finds its origin in the ancient common law and, except as modified by statute in case of injuries by dogs, is retained as the rule of law in this class of cases in this State. *Hussey* v. *King*, 83 Maine, 568; *Decker* v. *Gammon*, 44 Maine, 328."

The "dog" statute obviously changed the elements of liability. I find, however, no change from the statute in the elements of damage assessable under usual common law principles. The double damage provision removed in P. L., 1895, c. 115, does not affect the principle, as I see it. Thus the entire damage, direct to the wife and consequential to the husband, should be assessed when liability for the injury under the statute is established.

This is the rule in Massachusetts. *McCarthy* v. *Guild*, 53 Mass. 291 (1847), held that a defendant was liable under the statute for loss of a child's services and expenses of his cure. The court said, at p. 293:

> "We think the statute has only declared the general principle, giving double damages to any person injured by a dog, leaving us to recur to the principles of the common law, to ascertain the party legally entitled to recover for any particular injury, that may be the subject of an action. Giving the statute this construction, it provides an adequate remedy for the entire damages that may result from any such injury. The parent or master will recover his appropriate damages, and the minor or servant will, in his own name, recover for the personal suffering. This action may therefore be well sustained by the father for his damage

for loss of service, or expenses incurred, by reason of the injury to his minor son."

"A full answer to this contention is found in Mc-Carthy v. Guild, 12 Metc. 291 (construing a predecessor of the present statute, which, while different in some particulars, is essentially similar on the point in issue). There, in permitting recovery for consequential damage by the parent of a child bitten by a dog, it was said: 'The object of the statute is to protect from injury by dogs. . . But it is quite apparent that a remedy, confined to the case of an injury to the person, and to be enforced only by an action in the name of such person, would fall short of giving complete redress for injuries by dogs. . . [The statute] provides an adequate remedy for the entire damages that may result from any such injuries. The parent . . . will recover his appropriate damages, and the minor . . . will, in his own name, recover for the personal suffering.' " *Rossi* v. *Del Duca* (Mass.) 181 N. E. (2nd) 591, 594 (1962).

The court, drawing a close analogy with the cases under the "highway defect" statute (R. S., c. 96, § 89 as amended), reaches a contrary conclusion. Under the "highway defect" statute the husband may not recover consequential damage. The wife may in her own action recover for loss of time and necessary and reasonable expenses. Of course, the wife may not recover for the husband's loss of consortium, which may be an important item of damage resulting from the wife's injuries. See *Britton* v. *Dube,* 154 Me. 319, 324, 147 A. (2nd) 452. This is the position of the court, as I understand the opinion, under the "dog" statute.

There are and have been no significant differences in the "dog" and "highway defect" statutes in Maine and Massachusetts.

In 1849 the Massachusetts Court in *Harwood* v. *City of Lowell,* 58 Mass. 310, citing *Reed* v. *Belfast,* 20 Me. 246, held under the "highway defect" statute that a husband may not recover for medical and other expenses, or for loss of consortium. The court said, at p. 311:

"This is a several action brought by the husband, to recover consequential damage sustained by him, in the loss of the services of his wife, to which he claims by law to be entitled, during the period of her illness, caused by the accident, and also for the recovery of expenses for medical attendance, and other expense necessarily incurred thereby. The question is, can he recover?

"It has been too long and too often held, now to be called in question, that the entire remedy for individuals, sustaining loss by defective highways in this commonwealth, depends on statute, and is not given by common law. The same statute law therefore which declares the right, and points out the remedy, must qualify it, and limit and control the extent of it. The question then depends on the construction of the statutes."

It is of interest, and I think of importance, to note that Chief Justice Shaw and Justices Wilde and Dewey were a majority of the court in both the *McCarthy* dog case of 1847 and the *Harwood* highway defect case of 1849. In each case the opinion of the court was unanimous.

I am satisfied that the Massachusetts cases were properly decided on sound and safe reasoning. *Hussey* v. *King*, 83 Me. 568, 22 A. 476, does not seem to be inconsistent with this result.

The court, as I read the opinion, requires a husband as here to base his claim for expenses and loss of consortium upon the common law relating to liability of the owner or keeper of a dog. The husband thus must establish scienter, although this element long since was removed by statute from the wife's action.

Must the husband establish due care on the part of his wife? Fault is a defense to her action, but this as we have seen would not be so at common law.

In the absence of defendant's liability to the wife, it is inconceivable that the defendant should be liable at common law to the husband. The elements of the husband's separate

action, as proposed by the court, are not therefore the elements of a common law action. A new element, i.e., the fault of the wife, has been introduced by the very "dog" statute which it is said does not permit recovery.

In this view the husband loses the benefit of elimination of scienter, but retains the burden of establishing no fault by his wife. This result, in my view, is not demanded by the "dog" statute.

I would therefore in this situation permit the husband under the "dog" statute to recover his consequential damages under usual common law principles flowing from the direct injuries to his wife.

SIDDALL, J., concurs in dissent.