THOMAS S. PANCOAST, APPELLANT, v. DIRECTOR GENERAL OF RAILROADS, RESPONDENT.

Submitted December 6, 1920—Decided February 28, 1921.

1. When words used in the enacting part of a statute are of doubtful import—that is, where they will admit of either of two constructions, it is the duty of the court to resort to the title thereof for the purpose of ascertaining, if possible, the legislative intent.

2. The act of April 12th, 1910 (*Pamph. L.,* p. 490), providing that the plaintiff in an action against a steam railroad for damages for injuries or death occurring at any crossing, where safety devices have not been installed, shall have the question of his contributory negligence submitted to the jury, applies to actions for damages to property as well as actions for personal injuries.

On appeal from the Supreme Court.

For the appellant, *Bleakly & Stockwell.*

For the respondent, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in this case sued to recover compensation for damage done to an automobile truck resulting from a collision between it and a train of the West Jersey and Seashore Railroad Company, which the defendant was operating. The defence interposed was that the collision occurred largely, if not wholly, through the negligence of the plaintiff's employe who was driving the truck at the time. At the trial, after both sides had rested, defendant's counsel moved for the direction of a verdict, upon the ground that the driver's negligence had been conclusively shown. The motion was opposed because, as plaintiff insisted, the question of contributory negligence, by force of the act of April 12th, 1910 (*Pamph. L., p.* 490), was one which could not be decided by the court, but must be left to the determination of the jury. The trial court considered that the statute appealed to did not apply to the present case, and directed a verdict in accordance with the defendant's request. From the judgment entered on that verdict the plaintiff appeals.

The plaintiff's truck was being driven along the highway from Woodbury to Salem. No gates, bell or other device usually employed to warn travelers on the highway of an approaching train had been installed by the defendant, or by the company whose road he was operating, at the point where the railroad crossed the highway. Nor had any flagman been stationed there. The statute to which the plaintiff appealed provides that "in any action against any steam railroad company brought to recover damages for injuries or death occurring at any crossing of the right of way of such steam railroad company, where such company has not installed any safety gates, bell or device usually employed to warn and protect the traveling public at such crossing, which injuries

or death are alleged to be due to the negligence of such railroad company, or its agents, the plaintiff in such action shall not be nonsuited on the ground of contributory negligence on his own part, or on the part of the person for whom such suit is brought, but in all such cases it shall be left to the jury to determine whether the person injured or killed was exercising due and reasonable care under the conditions existing at said crossing at the time of such injury or death, and if the jury shall determine that the person injured or killed was not exercising due and reasonable care," &c.  The argument of counsel for the defendant made before the trial court on the motion to direct a verdict, and repeated before us, is that the statute in question only applies where the suit is brought to recover compensation for injury to the person of the plaintiff and not where the ground of action is based upon the total or partial destruction of his property.  The contention is based upon the use by the legislature of the words "person injured," appearing twice in the latter part of the cited provision, which it is said plainly indicate a design on the part of the law-making body that the scope of the statute should only extend to bodily hurts, and that, if the meaning of the words standing alone be doubtful, this design is emphasized by the use of the words "or killed" in juxtaposition to "person injured." We are not impressed with the soundness of this contention. The whole act is to be read together.  By its first clause the statute is made applicable in any action brought to recover damages "for injury or death."  The omission of the word "personal" in this clause seems to us significant, and the repetition of this phrase appearing some lines later, namely, "which injury or death," gives added weight to the omission. The most that can be said in favor of the defendant's contention is that the body of the act fails to disclose with certainty whether, when construed as a whole, it expresses the limited purpose claimed by defendant's counsel, or the more extensive one urged by counsel for the plaintiff.  *M'Carthy* v. *Guild*, 53 *Mass.* 291.  When words used in the enacting part of a statute are of doubtful import—that is, where they will admit of either of two constructions, it is the duty of the court

to resort to the title thereof for the purpose of ascertaining, if possible, the legislative intent. *Horner* v. *Webster*, 33 *N. J. L.* 387, 400; *Evernham* v. *Hulit*, 45 *Id.* 53; *Dobbins* v. *Northampton Township*, 50 *Id.* 496. Referring to the title of the act now under consideration we find it reads as follows: "An act concerning the liability of railroads for injury to persons or property caused by running cars across public streets and highways at which crossings no safety gates, bell or other device to give warning to the traveling public have been installed." This title declares in express terms that the object sought to be accomplished by the enactment was one which related to the liability of railroads for injury to persons *or property;* and, so, upon the assumption that the language of the body of the act is capable of being construed either in the way contended by counsel for defendant or in the way contended by counsel for the plaintiff, we must adopt that which brings the enacting part into harmony with the title.

Considering, as we do, that the statute properly construed applies not only to persons who have suffered bodily injury, but also to persons who are injured by the destruction, in whole or in part, of property belonging to them, we conclude that there was error in refusing to submit to the jury the question of the contributory negligence of the plaintiff's driver; and that the judgment under review must be reversed.

*For affirmance*—PARKER, BERGEN, HEPPENHEIMER, WILLIAMS, JJ. 4.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, TAYLOR, GARDNER, ACKERSON, JJ. 12.