JOSEPH SANDY *vs.* A. W. BUSHEY.

Kennebec.    Opinion April 18, 1925.

*Owners or keepers of domestic animals are not liable for damages resulting from injury done by them in a place where they have a right to be unless the animals in fact and to the owner's knowledge are vicious.    If, however, a person keeps a vicious or dangerous animal which he knows is accustomed to attack and injure persons, he assumes the obligation of an insurer against injury by such animal, and no measure of care in its keeping will excuse him.    His liability is founded upon the keeping of such an animal when he has knowledge of its vicious propensities, and his care or negligence is immaterial.    Negligence is not the ground of liability and need not be alleged or proved.*

In the instant case that the defendant's horse was vicious and that the defendant had knowledge of such fact is fairly established and supported by the evidence.

Contributory negligence is not a defense to this action.    In order to relieve the keeper of a known vicious animal from his liability as an insurer, the fact must be established that the injury is attributable not to the keeping of the animal but to the injured party unnecessarily and voluntarily putting himself in a way to be injured, knowing the probable consequences of his act, so that he may fairly be deemed to have brought the injury upon himself.

On motion.    An action to recover damages for personal injuries suffered by plaintiff resulting from being kicked by a horse owned and kept by defendant, it being alleged by plaintiff that the horse was ugly and vicious and that the defendant knew of such propensities, yet permitted such horse to run at large in a pasture where the injury occurred, the plaintiff having entered the pasture for the purpose of giving grain to one of his horses which were pastured in the same pasture.    A verdict of $1,008.42 was rendered for the plaintiff and defendant filed a general motion for a new trial.    Motion overruled.

The case fully appears in the opinion.

*McGillicudy & Morey*, for plaintiff.

*F. Harold Dubord and Mark Bartlett*, for defendant.

SITTING: CORNISH, C. J., PHILBROOK, MORRILL, WILSON,
STURGIS, BARNES, JJ.

STURGIS, J. In the summer of 1923, the plaintiff turned his mare
and colt out in the pasture of a neighbor. Other horses occupied
the pasture during the season, including the defendant's three-year
old colt. On July 14, 1923, the plaintiff went to the pasture to grain
his mare and while so doing, was kicked by the defendant's horse
and seriously injured. This action on the case is brought to recover
damages for such injuries and, after verdict for the plaintiff, is before
this court on a general motion.

By the common law the owners or keepers of domestic animals
are not answerable for an injury done by them in a place where they
have a right to be, unless the animals in fact, and to the owner's
knowledge, are vicious. If, however, a person keeps a vicious or
dangerous animal which he knows is accustomed to attack and injure
mankind, he assumes the obligation of an insurer against injury by
such animal, and no measure of care in its keeping will excuse him.
His liability is founded upon the keeping of such an animal when he
has knowledge of its vicious propensities and his care or negligence
is immaterial. In an action for an injury caused by such an animal,
the plaintiff has only to allege and prove the keeping, the vicious
propensities, and the scienter. Negligence is not the ground of lia-
bility, and need not be alleged or proved. This rule of liability of
keepers of domestic animals finds its origin in the ancient common
law and, except as modified by statute in case of injuries by dogs, is
retained as the rule of law in this class of cases in this State. *Hussey*
v. *King,* 83 Maine, 568; *Decker* v. *Gammon,* 44 Maine, 328.

A careful consideration of the evidence discloses facts which fairly
tend to establish that the defendant's horse had exhibited a vicious
and ugly disposition at various times prior to the day on which the
plaintiff was injured and notice of the animal's vicious propensities
had been brought home to the defendant. Upon these issues the
jury's verdict in favor of the plaintiff was fully warranted.

The defendant, however, says that the plaintiff was guilty of
contributory negligence and cannot, therefore, recover in this action.
We are unable to sustain this contention under the rule of liability
adopted by this court. In those jurisdictions which have departed
from the ancient common law rule and declared negligence to be the

ground of liability in actions for injuries by animals, the defense of contributory negligence has been recognized and the injured party's failure to exercise due care will defeat his action. 1 R. C. L., 1090; 3 Corpus Juris, 108 and cases there cited. In this State, however, the negligence doctrine has not been accepted and contributory negligence in the strict sense of that term cannot be held to constitute a defense to the action. Exclusion of negligence as the basis of liability forbids the inclusion of contributory negligence as a defense. Something more than slight negligence or want of due care on the part of the injured party must be shown in order to relieve the keeper of a vicious domestic animal known to be such from his liability as an insurer.

In *Muller* v. *McKesson*, 73 N. Y., 195, which may be fairly accepted as the leading case in this country upon the question of contributory negligence as a defense to an action of this character, Church, C. J., in stating the opinion of the court says: "If a person with full knowledge of the evil propensities of an animal wantonly excites him, or voluntarily and unnecessarily puts himself in the way of such an animal, he would be adjudged to have brought the injury upon himself, and ought not to be entitled to recover. In such a case, it cannot be said, in a legal sense, that the keeping of the animal, which is the gravamen of the offense, produced the injury. But, as the owner is held to a rigorous rule of liability on account of the danger to human life and limb by harboring and keeping such animals, it follows that he ought not to be relieved from it by slight negligence or want of ordinary care. To enable an owner of such an animal to interpose this defense, acts should be proved, with notice of the character of the animal, which would establish that the person injured voluntarily brought the calamity upon himself."

Later decisions of the New York court affirm this rule. *Lynch* v. *McNally*, 73 N. Y., 347; *Molloy* v. *Starin*, 191 N. Y., 21, 16 L. R. A., (N. S.), 445; *Ervin* v. *Woodruff*, 103 N. Y. S., 1051; *Guzzi* v. *New York Zoological Soc.*, 182 N. Y. S., 257. The same rule of liability is approved in *Peck* v. *Williams*, 24 R. I., 583. The New York rule is adopted in *Fye* v. *Chapin*, 121 Mich., 675. In *Woolf* v. *Chalker*, 31 Conn., 121, the defense of contributory negligence is denied and the principle laid down in *Muller* v. *McKesson*, 73 N. Y., 195 is accepted.

In *Kelley* v. *Killourey*, 81 Conn., 321, we find this statement of the rule:  "The principle is that, when one's conduct toward a dog or other animal is knowingly such as is calculated to incite or provoke it to acts of damage, its naturally resulting action, in so far as it involves consequences to the inciter or provoker, is to be regarded in law as his and not having reference to the animal in such manner as to be chargeable to its owner or keeper."

We are convinced that the principle announced by Chief Justice Church correctly defines the degree of responsibility which must be fixed upon the injured party in order to relieve the keeper of a known vicious animal from his liability as an insurer with which he is charged in this State.   The fact must be established that the injury is attributable, not to the keeping of the animal but to the injured party's unnecessarily and voluntarily putting himself in a way to be hurt knowing the probable consequences of his act, so that he may fairly be deemed to have brought the injury upon himself.

Applying this rule to the facts in the case before us, we are of the opinion that the prima facie case against the defendant, established by the evidence, is not rebutted by the plaintiff's acts or omissions. The plaintiff led his mare away from the other horses in the pasture and started to grain her when the defendant's horse approached in a threatening manner.   The plaintiff drove him away and turned to continue feeding the mare.   The colt's return was silent and swift and his attack unexpected.   It cannot be said that the plaintiff voluntarily put himself in a way to be injured by the defendant's horse, knowing the probable consequences of his act.   The defendant is liable, as found by the jury.

*Motion overruled.*

CORNISH, C. J. sat at argument and participated in consultation, but, owing to retirement, does not join in the opinion.