583 P.2d 309 (1978)
Sarah M. POTTHOFF, Plaintiff-Appellant,
v.
Roland ALMS, Clark Equipment Company, a Delaware Corporation, Vantage Land and Investment, Inc., a Colorado Corporation, and Power Motive Corporation, a Delaware Corporation, Defendants-Appellees.
No. 76-566.
Colorado Court of Appeals, Div. 2.
May 11, 1978.
As Modified on Denial of Rehearing June 8, 1978.
*310 Martin P. Miller, Frank L. DiSante, Littleton, for plaintiff-appellant.
Eugene S. Hames, Wood, Ris & Hames, P. C., Denver, for defendants-appellees, Ronald Alms and Vantage Land and Investment, Inc.
Reed L. Winbourn, Zarlengo, Mott & Zarlengo, Denver, for defendant-appellee, Clark Equipment Co.
Geoffrey S. Race, Weller, Friedrich, Hickisch & Hazlitt, Denver, for defendant-appellee, Power Motive Corp.
BERMAN, Judge.
Plaintiff, Sarah M. Potthoff, brought this action for the wrongful death of her husband who was killed by a large earth moving machine commonly known as a "scraper." The suit was instituted against Robert Alms, operator of the scraper at the time of the accident, and his employer, Vantage Land and Investment, Inc., and against the manufacturer of the scraper, Clark Equipment Company, and the retail seller of the scraper, Power Motive Corporation.
At the time of the accident, Alms was leveling and grading a construction site using the scraper. Shortly after seeing the decedent, the project's general contractor, in the vicinity of where he was backing the machine, Alms stopped the scraper, looked forward, and saw decedent lying on the ground in front of the machine, dead.
Plaintiff sought to establish that the manufacturer and the retailer[1] were strictly liable on the ground that the absence of rearview mirrors, backup alarms, or other safety devices on the scraper constituted a product defect. All of the defendants were sued on the theory of their negligence.
The case was tried to a jury which returned a verdict in favor of all defendants. The trial court entered judgment for the *311 defendants on the jury's verdict and plaintiff appeals. We affirm.
Plaintiff first contends that the trial court erred in instructing the jury that to establish a prima facie case of a manufacturer or retailer's strict liability, proof that a product is "unreasonably dangerous" as well as "defective" in a manner proximately causing the injury complained of, is required. We disagree.
Admittedly, a minority of states have defined strict liability in terms not requiring proof that a defective product is unreasonably dangerous. See, e. g., Butaud v. Suburban Marine & Sporting Goods, Inc., 543 P.2d 209 (Alaska 1975); Cronin v. J. B. E. Olson Corp., 8 Cal.3d 121, 104 Cal.Rptr. 433, 501 P.2d 1153 (1972); Glass v. Ford Motor Co., 123 N.J.Super. 599, 304 A.2d 562 (1973); Berkebile v. Brantly Helicopter Corp., 462 Pa. 83, 337 A.2d 893 (1975).
Nonetheless, Colorado, as have the majority of courts, has framed products liability according to the Restatement (Second) of Torts § 402A. Hiigel v. General Motors Corp., Colo., 554 P.2d 983 (1975); Bradford v. Bendix-Westinghouse Auto Air Brake Co., 33 Colo.App. 99, 517 P.2d 406 (1973). And, that formulation clearly mandates that for strict liability to inure, the defective product must be shown to be "unreasonably dangerous." Restatement, supra, § 402A Comment i; Bradford v. Bendix-Westinghouse Auto Air Brake Co., supra. Accordingly, the trial court did not err in tendering instructions patterned on Colo. J.I. 14:19, 14:20, 14:21, and 14:22, and which included the requirement that the scraper's defects, if any, rendered it unreasonably dangerous.
Although the jury was instructed that a product may be defective and unreasonably dangerous for failing to provide adequate warning of unexpected hazards, and that the manufacturer and seller would be liable if such a defect was a proximate cause of decedent's death, plaintiff also alleges that the trial court erred in refusing to give a tendered instruction creating a presumption with regard to the issue of proximate causation. The instruction stated in part that "the law presumes that if an adequate warning of a danger associated with a product is given, that the warning will be heeded." The plaintiff urges that such an instruction is justified by Comment j of § 402A of the Restatement, recognized by Hiigel v. General Motors Corp., supra.
Comment j does state in part that:
"Where warning is given the seller may reasonably assume that it will be read and heeded; and a product bearing such a warning, which is safe for use if it is followed, is not in defective condition nor is it unreasonably dangerous."
Viewed in context, however, the Comment establishes only the sufficiency of warnings or directions as to use "[i]n order to prevent the product from becoming unreasonably dangerous" and affords such protection to the seller of products such as foods and drugs whose potentiality of danger is not generally recognized. We have found no case authority construing Comment j to create a special presumption concerning proximate causation. We conclude that, at least as to an obviously dangerous machine such as the scraper here, whether the user of a product would have acted in the same manner had a proper warning been given is normally a question of fact on which a jury, unaided by presumptions and guided only by the evidence before it, is best qualified to speak. See Haberly v. Reardon Co., 319 S.W.2d 859 (Mo.1958); Russell v. First National Stores, Inc., 96 N.H. 471, 79 A.2d 573 (1951); cf. Blue v. Drackett Products Co., Fla.App., 143 So.2d 897 (1962). See generally 2 R. Hursh & H. Bailey, American Law of Products Liability § 8.33 (2d ed. 1974). Accordingly, the trial court properly refused to give the proffered instruction.
Plaintiff finally argues that the product liability instructions failed to apprise the jury that it could consider whether any defects in the scraper posed an unreasonable danger from the viewpoint of decedent, a bystander. Plaintiff did not present *312 the issue in her motion for a new trial, however, and thus, the argument is not properly postured for review. C.R.C.P. 59(f); Barker v. Colorado Region-Sports Car Club of America, Inc., 35 Colo.App. 73, 532 P.2d 372 (1974). In any event, since the jury was told that it was plaintiff's theory that the "decedent . . . was a person who could reasonably be expected to use or be affected by the scraper," the instructions, read as a whole, properly presented the case to the jury. See generally Hotchkiss v. Preble, 33 Colo.App. 431, 521 P.2d 1278 (1974).
Judgment affirmed.
SMITH and RULAND, JJ., concur.
NOTES
[1] Since plaintiff's causes of action accrued prior to July 1, 1977, the retailer is not entitled to the immunity afforded by Colo.Sess.Laws 1977, ch. 199, XX-XX-XXX at 820. That provision generally limits product liability actions based on the doctrine of strict liability to the manufacturer of the allegedly defective product.